# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ROBERT E. DAVIS,**

    **Petitioner,**

**vs.**                                                                                    **No. 98cv1306 JP/JHG**

**PATRICIA MADRID, Attorney General,**

    **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Petitioner (Davis) filed this habeas corpus action, pursuant to 28 U.S.C. § 2254, with respect to his conviction in the case styled, *State of New Mexico v. Robert Davis*, and numbered CR-81-88, County of San Juan, State of New Mexico. On October 22, 1998, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), to recommend an ultimate disposition of the case. In the Answer filed December 23, 1998, Respondent raised the affirmative defenses of statute of limitations and procedural default. Davis filed a response in opposition on January 6, 1999. The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, recommends the Petition be dismissed as time-barred.

The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case as it was filed after April 24, 1996. *Lindh v. Murphy*, 117 S.Ct. 2059 (1997). The AEDPA established a one-year period of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d). The limitations period generally begins to run from the date on which the conviction became final.

*Hoggro v. Boone,* 150 F.3d 1223, 1225 (10th Cir. 1998). Where the conviction became final before the AEDPA's effective date of April 24, 1996, the one-year limitations runs from that date. *Id.*

Davis' conviction became final in 1981. Therefore, the one-year period of limitations began to run on April 24, 1996. *Hoggro v. Boone,* 150 F.3d at 1225. Thus, the Petition, filed October 19, 1998, is untimely under 28 U.S.C. § 2244(d).

A remaining question, however, is whether the one-year time period was tolled. The one-year limitations period is tolled by time spent seeking collateral review. 28 U.S.C. §2244(d)(2). In his response, Davis stated he was transferred out-of-state and did not know his application for collateral review had been dismissed. While record indicates Davis sought collateral review after his conviction became final, the most recent substantive state court activity was in 1992. Davis also attached a letter from the Clerk of the New Mexico Supreme Court dated July 7, 1998. The Clerk stated the New Mexico Court of Appeals had forwarded Davis' letter of June 25, 1998 to her and informed Davis of the requirements of the court rules. Even if this correspondence were to qualify as an application for collateral review within the meaning of 28 U.S.C. § 2244(d)(2), it was not "pending" for a sufficient period of time to toll the one-year period of limitations. Thus, the one-year time period was not tolled in this case .

## RECOMMENDED DISPOSITION

The Petition should be dismissed as time-barred by the one-year limitation provision of 28 U.S.C. § 2244(d).

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these amended proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1)**, file written objections to such amended proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the amended proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.